# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:09cr00084 |
| | ) | Judge Trauger |
| DAVID SULLIVAN | ) | |

## ORDER

Pending before the court are the Defendant's Motion To Reopen § 3582(c)(2) Resentencing So That Mr. Sullivan's Timely Filing Of § 3553(a) Factors May Be Considered (Docket No. 212); the Government's Response (Docket No. 215) in opposition; and the Defendant's Reply (Docket No. 216).

The Defendant pled guilty, before now-retired Judge Todd J. Campbell, to participating in a drug trafficking conspiracy involving 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846; and to possessing equipment and materials to manufacture methamphetamine, in violation of 21 U.S.C. § 843(a)(6). (Docket Nos. 26, 80, 82, 83, 156, 166). At the subsequent sentencing hearing, Judge Campbell imposed a sentence of 188 months of imprisonment, the top of the applicable sentencing guideline range, to run consecutively to the Defendant's state sentence. (Docket Nos. 131, 133, 134, 150). In reaching his decision, Judge Campbell noted the seriousness of the offense in which the Defendant orchestrated a drug trafficking conspiracy through the use of cellular phones while he was in prison. (Docket No. 150, at 67, 70-70). On appeal, the Sixth Circuit rejected the Defendant's challenge to the sentence. (Docket No. 186).

Approximately five years later, the Defendant, represented by the Federal Public Defender's Office, filed an Agreed Motion For Reduced Sentence (Docket No. 204) based on

Amendment 782 to the United States Sentencing Guidelines. Amendment 782, which went into effect on November 1, 2014, reduced by two the offense levels assigned in the Drug Quantity Table, U.S.S.G. § 2D1.1, resulting in lower guideline ranges for most drug trafficking offenses. The Amendment was given retroactive effect. *Id.;* U.S.S.G. § 1B1.10(d), (e). Through the Agreed Motion, the parties agreed to a reduction in the Defendant's sentence to 151 months, the top of the new guideline range:

> Attorneys for the defendant and the government, with the assistance of the United States Probation Office for this district, have reviewed this case and concluded that this defendant is eligible for a sentence reduction under Amendment 782 of the United States Sentencing Guidelines. The application of the Amendment to this case would reduce the total offense level from Level 31 to Level 29 and, at a criminal history category IV, would reduce the applicable guideline range from 151-188 months to a range of 121-151 months. Based on this, and a consideration of the defendant's conduct in custody to date, the parties have agreed to recommend that the Court grant this motion. This motion would reduce the defendant's sentence to a custody term of 151 months from 188 months, otherwise leaving the earlier sentence intact. . .

(Docket No. 204, at 1-2). Judge Campbell entered an Amended Judgment, on May 17, 2016, reducing the Defendant's sentence as reflected in the Agreed Motion. (Docket Nos. 208, 209).

Through the pending Motion, the Defendant, now represented by a different attorney, requests that the court "reopen" the re-sentencing proceeding to consider a letter filed by the Defendant two weeks after Judge Campbell entered the Amended Judgment, and amend the sentence again to reflect the significance of the Defendant's rehabilitation efforts described in the letter by reducing the Defendant's sentence to 121 months. In the letter, dated March 13, 2016, but delivered to the court on June 3, 2016 (Docket Nos. 210, 210-3), the Defendant recounts his spiritual conversion and rehabilitation, but does not request any particular action. The Defendant attached as exhibits to the letter a copy of a letter he sent to the President seeking commutation of

his sentence, and a paper written for a sociology class by Keila E. Hernandez about the Defendant's efforts at rehabilitation. (Docket Nos. 210-1, 210-2).

In response to the Government's argument that the court is prohibited from granting the Defendant's request for relief by the "law-of-the-case" doctrine, the Defendant argues that the court has the discretionary authority to reconsider a prior decision at any time, citing *United States v. Todd*, 920 F.2d 399, 402-404 (6th Cir. 1990). The prior ruling the Defendant seeks to have the court reconsider here, however, is a final judgment imposing sentence in a criminal case. A district court may modify a defendant's sentence only as authorized by statute. *See, e.g., United States v. Ross,* 245 F.3d 577, 586 (6th Cir. 2001). Modification of a final judgment imposing sentence is governed by the provisions of 18 U.S.C. § 3582(c), which provides as follows:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>>
>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for

> > the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> > (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The modification to the final judgment at issue here has not been sought by the Director of the Bureau of Prisons as contemplated by Subsection (c)(1)(A), and the Defendant does not cite to Rule 35 or a specific statute expressly permitting the modification[1] as contemplated by Subsection (c)(1)(B). Nor does the Defendant suggest that his sentencing guideline range has been lowered beyond that set forth in the Amended Judgment as contemplated by Subsection (c)(2). The Defendant has not cited any other jurisdictional basis upon which the court is

---

[1] For example, Rule 36 permits the court to correct a clerical error in a judgment, and 18 U.S.C. § 3742(g) permits the court to modify a sentence upon remand from a higher court.

authorized to modify his sentence over a year after it was imposed. Accordingly, the Defendant's Motion To Reopen § 3582(c)(2) Resentencing (Docket No. 212) is DENIED.

It is so **ORDERED.**

Enter this 13th day of June 2017.

_____
ALETA A. TRAUGER
U.S. District Judge